IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Edward Rose, Jr., #1432, )  | |
| ) | C.A. No. 4:22-1774-HMH-TER |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| ) | |
| Randy Demory, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Petitioner James Edward Rose, Jr. ("Rose"), a state pretrial detainee proceeding pro se, filed this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In his Report and Recommendation filed on June 24, 2022, Magistrate Judge Rogers recommends dismissing the Petition without prejudice and without requiring Respondent to file a return because Rose's claims are not properly before the court based on Younger abstention. Younger v. Harris, 401 U.S. 37 (1971); (R&R, generally, ECF No. 6.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Rose timely filed objections to the Report and Recommendation.[2] (Obj., generally, ECF No. 8.)  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Rose's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  Petitioner's objections are therefore without merit.  Accordingly, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation and incorporates it herein.

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

It is therefore

**ORDERED** that the Petition is dismissed without prejudice and without requiring Respondent to file a return. It is further

**ORDERED** that a certificate of appealability is denied because Rose has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

**IT IS SO ORDERED.**

                                                        s/Henry M. Herlong, Jr.
                                                        Senior United States District Judge

Greenville, South Carolina
August 11, 2022

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] District courts must issue certificates of appealability when entering "a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. These rules may be applied to other types of habeas corpus petitions. Rule 1(b), Rules Governing § 2254 Cases.